# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**AARON DAVID SILVER,**

    Plaintiff,

v.                                                          No. CIV 98-0419 BB/DJS

**UNITED STATES OF AMERICA,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant's Motion to Dismiss, or, in the alternative, Motion for Summary Judgment filed February 11, 1999. (Doc. 9). Plaintiff seeks to enjoin the Internal Revenue Service ("IRS") from its plans to levy against Plaintiff's assets. (Doc. 2). Plaintiff also seeks damages from the United States of America for fraud and intentional infliction of emotional distress. Plaintiff claims that debts owed to the IRS were discharged in bankruptcy.

The Court brings to the Parties' attention an Opinion issued last month by the Honorable John Conway, Chief Judge in this District, disposing of a similar lawsuit by Ms. Jerilyn H. Silver. See Silver v. United States, CIV 98-0454 (Memorandum Opinion and Order dated May 3, 1999). Although Plaintiff and Ms. Silver allege slightly different facts, their complaints are remarkably similar and they assert identical claims for relief: Violation of the Fourth Amendment, Violation of the Internal Revenue Code, Fraud, and Intentional Infliction of Emotional Distress. This Court

adopts the conclusions of Chief Judge Conway's thoughtful and well reasoned Opinion and finds that it does not have jurisdiction over Plaintiff's claims.

This Court lacks subject matter jurisdiction over Plaintiff's wrongful levy action by the plain language of 26 U.S.C. § § 7421 and 7426. Anti-injunction provisions of Section 7421 clearly prohibit suits filed for the purpose of restraining the collection of taxes unless one of the enumerated exceptions applies. Plaintiff relies on the exception contained in Section 7426, which states,

> (a) Actions permitted.--
> (1) Wrongful levy.-- If a levy has been made on property or property has been sold pursuant to a levy, any person (**other than the person against whom is assessed the tax out of which such levy arose**) who claims an interest in...such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States.

26 U.S.C. 7426 (emphasis added). By its own terms, the relief provided by Section 7426(a)(1) is available only to those persons other than the taxpayer against whom the tax has been assessed. Plaintiff, however, is clearly the one "whom is assessed the tax out of which such levy arose" and thus has no standing to bring suit under this provision. Plaintiff fails to identify any other statutory exception that might apply. Similarly, Plaintiff's remaining claims for injunctive relief are barred by the anti-injunction provisions of 26 U.S.C. § 7421.

Plaintiff's reliance on the automatic stay provisions in the Bankruptcy Code, 11 U.S.C. § 362 for relief is also misplaced. In his complaint, Plaintiff states that he filed for protection under Chapter 7 of the Federal Bankruptcy Act on November 5, 1996 and was discharged on February 5, 1997, one year before he filed a complaint with this Court. As Chief Judge Conway wisely

recognized in Silver, the automatic stay Plaintiff cites remains in effect only until the granting of a discharge. See I.C.C. v. Holmes Transp. Inc., 931 F.2d 984, 987 (1st Cir. 1991).

Finally, Plaintiff seeks damages in his remaining claims against the Government. It is well established however that the United States, as a sovereign, is immune from suit save as it consents to be sued. Stubbs v. United States, 620 F.2d 775,779. (10th Cir. 1980). Congress has expressly refused to consent to tort claims arising out of the collection of taxes. See 28 U.S.C. § 2680(c). Therefore, the Court has no jurisdiction over these claims.

IT IS HEREBY ORDERED that the Defendant's Motion to Dismiss, or, in the alternative, Motion for Summary Judgment (Doc. 9) be, and hereby is, GRANTED. FURTHER IT IS ORDERED that Plaintiff's Amended Complaint (Doc. 2) is DISMISSED without prejudice.

Dated at Albuquerque this 22nd day of June, 1999.

BRUCE D. BLACK
United States District Judge

Plaintiff: Pro Se
A. David Silver
142 Lincoln Ave., Suite 500
Santa Fe, N.M. 87501

Attorney for Defendant
Jon E. Fisher
Tax Division
Department of Justice
Maxus Energy Tower
717 N. Harwood, Suite 400
Dallas, Texas 75201