# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**AARON D. SILVER,**

    Plaintiff,

v.                                                            No. CIV 98-0419 BB

**UNITED STATES OF AMERICA,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court upon Plaintiff's Motion for Reconsideration, filed July 6, 1999. (Doc. 21). Plaintiff asks the Court to reconsider its Memorandum Opinion and Order of June 22, 1999 in which this Court dismissed Plaintiff's cause for lack of subject matter jurisdiction.

Plaintiff does not specify the particular rule of procedure he filed his pleading under. A motion filed within ten days of the entry of a judgment questioning the correctness of the judgment is properly considered a Rule 59(e) motion under the Federal Rules of Civil Procedure. *See* Phelps v. Hamilton, 122 F.3d 1309, 1323 (10th Cir. 1997). If a post-judgment substantive motion is filed more than ten days after entry of judgment, it is evaluated under Rule 60(b). *See* Britton v. Swift Transp. Co., Inc., 127 F. 3d 616, 618 (7th Cir. 1997); 1999 WL 967554, *1 (N.D. Ill. 1999). In this case, because Plaintiff filed his motion more than ten days after the Court's order dismissing Plaintiff's claim for lack of jurisdiction, the motion is evaluated under Rule 60(b). A motion filed pursuant to Rule 60(b) is "addressed to the sound discretion of the

-1-

trial court guided by accepted legal principles applied in light of all the relevant circumstances." Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981). *See also*, Feddersen Motors v. Ward, 180 F.2d 519, 523 (10th Cir. 1950).

Rule 60(b) provides, in part, that "upon such terms as are just," the court may relieve a party "from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, excusable neglect; (2) newly discovered evidence . . . (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. Proc. 60(b). Plaintiff does not explain how he is relying on Rule 60(b), however, presumably, he believes his claim falls under (6).

The Court begins its finding, as it began its June 22 Memorandum Opinion and Order, by bringing to the Parties' attention a Memorandum Opinion and Order issued in June by the Honorable John Conway, Chief Judge in this District, which disposed of a similar Motion to Reconsider by Ms. Jerilyn H. Silver. *See* Silver v. United States, CIV 98-0419 (Memorandum Opinion and Order dated June 22, 1999). Although there are a few differences between the two Motions to Reconsider[1], Plaintiff and Ms. Silver assert identical issues: (1) they argue the Court should not have recommended that the action be brought in Bankruptcy Court; and (2) they cite a long string of cases where federal district courts purportedly heard a tax case following a discharge from bankruptcy.

---

[1]The Court finds two differences between the Motions to Reconsider: (1) Plaintiff filed his Motion *more* than ten days after the entry of the Court's Order, whereas Ms. Silver filed her Motion to Reconsider *less* than ten days after Judge Conway's Order; and (2) Plaintiff notes a mistake in this Court's June 22 Memorandum Opinion – he argues that he brought his complaint fourteen months after he received a discharge in his bankruptcy action, not one year as stated in the June 22 Order. Both of these differences are inconsequential. The first merely results in the application of Fed. R. Civ. Proc. 60(b) instead of 59(e), with no other consequences. The second, even if true, does not provide any support for Plaintiff's Motion.

This Court adopts the conclusions of Chief Judge Conway's concise and well reasoned Opinion, and finds Plaintiff has failed to provide any argument that the Court should reconsider its finding that it had no subject matter jurisdiction over Plaintiff's claims.  First, the Court notes it did not recommend to Plaintiff that his action should be brought in Bankruptcy Court.  Furthermore, even if the Court had made this recommendation, the Bankruptcy Court issue is irrelevant – it provides no argument against the essential finding of this Court's June 22 Memorandum Opinion that the Court has no subject matter jurisdiction over Plaintiff's claims.  Second, the numerous citations Plaintiff lists fail to provide any support for the Court to reconsider its finding that the Court has no subject matter jurisdiction.  Therefore, the Court finds no reason for the Court to relieve Plaintiff of the June 22 Order.  This Court concludes that Plaintiff's Motion for Reconsideration is not well taken and should be denied.

IT IS ORDERED that Plaintiff's Motion to Reconsider (Doc. 21) be, and hereby is, DENIED.

Dated at Albuquerque this 18th day of November, 1999.

_____
BRUCE D. BLACK
United States District Judge

**Attorneys:**

**For Plaintiff, pro se**
Aaron D. Silver
142 Lincoln Ave., Suite 500
Santa Fe, New Mexico 87501

**For Defendant**
Jon E. Fisher
Tax Division, Department of Justice
Maxxus Energy Tower
717 N. Harwood, Suite 400
Dallas, Texas 75201